**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BRETT LOPEZ LUGO,** | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | **CIVIL ACTION** |
| **ANDY CRUZ, Warden, Federal Detention Center, Philadelphia, et al.,** | : | |
| | : | **26-cv-08552** |
| | : | |
| Respondents. | : | |

## ORDER

AND NOW, this 12th day of November, 2026, upon consideration of Petitioner Lopez Lugo's Petition for a Writ of Habeas Corpus (ECF No. 1) and Respondents' Opposition (ECF No. 4) it is hereby ORDERED that:

1. The Petition for a Writ of Habeas Corpus is GRANTED.[1]

[1] Respondents contend that Petitioner is lawfully detained under 8 U.S.C. § 1226(a) and must first pursue a custody-redetermination hearing before an immigration judge. ECF No. 4. Section 1226(a), however, provides discretionary—not mandatory—detention authority. *See Buele Morocho v. Warden Philadelphia FDC*, 189 F.4th 287, 299 (3d Cir. 2026); *Paramo Orozco v. Jamison*, No. 26-8080, ECF No. 6 at 1 n.1 (E.D. Pa. Oct. 23, 2026); *Gonzalez Garcia v. Jamison*, No. 26-7408, ECF No. 8 at 1 n.1 (E.D. Pa. Sept. 30, 2026). Although the Government possesses statutory authority to detain Petitioner pending removal proceedings, its exercise of that authority remains subject to constitutional limits. *Buele Morocho*, 189 F.4th at 306–07.

Petitioner, a Venezuelan national, entered the United States in September 2022 and was subsequently paroled into the country. ECF No. 4-1 at 3–4. Since then, Petitioner has resided in Pennsylvania, maintained employment, applied for asylum and Temporary Protected Status, and, according to the Petition, complied with annual ICE reporting requirements from 2022 through 2026. ECF No. 1 ¶¶ 20–23. He has no reported criminal history. ECF No. 4-1 at 4. On November 6, 2026, Petitioner appeared for a scheduled ICE check-in, where officers arrested and detained him. ECF No. 4 at 2. Respondents submitted a signed administrative arrest warrant, Notice to Appear, Notice of Custody Determination, and Record of Deportable/Inadmissible Alien. ECF Nos. 4-1–4-4. Although these documents establish that ICE initiated removal proceedings and formally recorded a decision to detain Petitioner, nothing in the present record demonstrates that ICE considered his individual circumstances—or any other facts bearing on danger or flight risk—before deciding to detain him. The Form I-213 documents Petitioner's immigration history and removability, while the Form I-286 merely records the decision to detain him. ECF Nos. 4-1, 4-4. Neither demonstrates a meaningful individualized exercise of detention discretion. As in *Paramo Orozco* and *Gonzalez Garcia*, the record does not establish that ICE made an individualized determination that detention was warranted before depriving Petitioner of his liberty.

2. Respondents shall RELEASE Petitioner from custody forthwith.

3. Respondents shall return Petitioner's personal property that they seized during his arrest and detention including his personal identification and documents.

4. Respondents shall certify compliance with this order by filing proof of his release and stating the time and manner of release on the docket no later than 5:00 P.M. E.S.T. on November 12, 2026.

5. Respondents are temporarily enjoined from re-detaining Petitioner for seven days following his release from custody.

6. If, after the seven-day period, Respondents choose to pursue re-detention of Petitioner, they must demonstrate through constitutionally adequate procedures that detention is authorized and warranted, including an individualized custody determination and a bond hearing, at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings.

**BY THE COURT:**

**HON. MIA R. PEREZ**

---

The availability of a subsequent bond hearing does not cure that deprivation. Petitioner challenges the process by which ICE initially exercised its discretionary detention authority, not merely the ultimate custody determination. Although administrative exhaustion is ordinarily required in habeas proceedings under 28 U.S.C. § 2241, that requirement is prudential and may be excused where administrative remedies would be futile or inadequate to prevent irreparable injury. *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000); *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988). Moreover, immigration tribunals lack authority to adjudicate constitutional challenges of this nature. *See Qatanani v. Att'y Gen.*, 144 F.4th 485, 499–500 (3d Cir. 2025). Requiring Petitioner to complete the administrative bond process would not remedy the absence of constitutionally adequate process when detention was initially imposed. The Court therefore excuses exhaustion. *See Paramo Orozco*, No. 26-8080, ECF No. 6 at 1 n.1; *Gonzalez Garcia*, No. 26-7408, ECF No. 8 at 1 n.1. Because the present record does not establish that ICE conducted an individualized custody assessment before detaining Petitioner, the Court concludes that his continued detention violates the Due Process Clause of the Fifth Amendment and orders his immediate release. The Court need not reach Petitioner's remaining substantive due process and *Accardi* claims.